UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TISHA ANDERSON,

    Plaintiff,

v.                                              Case No.: 8:25-cv-192-TPB-LSG

WAL-MART STORES EAST, LP.,
and JOHN DOE, as store manager.

    Defendants.
_____/

## ORDER DENYING "PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT BY SUBSTITUTION OF PARTIES AND MOTION FOR REMAND WITH INCORPORATED MEMORANDUM OF LAW"

This matter is before the Court on "Plaintiff's Motion for Leave to Amend Complaint by Substitution of Parties and Motion for Remand with Incorporated Memorandum of Law," filed on February 24, 2025. (Doc. 9). On March 10, 2025, Defendant Wal-Mart Stores East, LP., filed a response in opposition. (Doc. 13). Upon review of the motion, response, court file, and record, the Court finds as follows:

### Background

This case arises from a routine "slip-and-fall" incident at a Walmart in Pinellas Park, Florida. On October 12, 2023, Plaintiff Tisha Anderson alleges she was shopping at Walmart when she slipped and fell on a white liquid substance on the floor, sustaining serious personal injuries.

On September 23, 2024, Plaintiff filed her initial complaint against

Defendants Walmart Inc., and an unknown store manager in the Circuit Court for the Sixth Judicial Circuit in Pinellas County, Florida. Plaintiff originally sued an incorrect corporate defendant – Wal-Mart Stores East, LP., the proper Walmart defendant, was later substituted into the state court case.

On December 26, 2024, she served responses to Defendant's requests for admissions, in which she admitted that her claimed damages exceeded $75,000 – in fact, she listed medical expenses from numerous providers totaling $186,112.18. On January 24, 2025, Defendant removed the case to this Court based on diversity jurisdiction.

Plaintiff now seeks to amend her complaint to add Ashley Schilling, the store manager, as a defendant. Because the substitution of Schilling, a Florida citizen, for the unknown store manager would destroy diversity jurisdiction, Plaintiff also seeks remand to state court.

## Analysis

Because Plaintiff seeks to amend her complaint after removal and amendment would destroy diversity jurisdiction, the Court must analyze the motion pursuant to 28 U.S.C. § 1447(e).[1] *See Ingram v. CSX Transp., Inc.*, 146 F.3d 858, 862 (11th Cir. 1998). "A district court, when faced with an amended pleading adding a non-diverse defendant in a case removed based on diversity jurisdiction, 'should scrutinize that amendment more closely than an ordinary amendment' and

---

[1] "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy [diversity] jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e).

should deny leave to amend unless strong equities support the amendment." *Rutsky v. Target Corp.*, No. 12-61828-CIV, 2012 WL 5604620, at *2 (S.D. Fla. Nov. 15, 2012) (quoting *Smith v. White Consol. Indus., Inc.*, 229 F. Supp. 2d 1275, 1281 (N.D. Ala. 2002)); *see Dever v. Family Dollar Stores of Ga., LLC*, 755 F. App'x 866, 869 (11th Cir. 2018) ("[A] district court must scrutinize more closely an amended pleading that would name a new nondiverse defendant in a removed case because justice requires that the district court also balance the defendant's interests in maintaining the federal forum."); *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987) ("The district court, when faced with an amended pleading naming a new nondiverse defendant in a removed case, should scrutinize that amendment more closely than an ordinary amendment.").  "[C]ourts considering post-removal motions to amend to add non-diverse defendants under 28 U.S.C. § 1447(e) frequently find the equities tilt against permitting the amendment." *Houston v. Creative Hairdressers, Inc.*, No. 3:17-cv-421-J-32MCR, 2018 WL 388490, at *2 n.2 (M.D. Fla. Jan. 12, 2018) (Corrigan, J.) (collecting cases).

When a plaintiff seeks to add a non-diverse defendant in a removed case, courts often conduct a balancing analysis known as the *Hensgens* test. *Hickerson v. Enterprise Leasing Co. of Ga., LLC*, 818 F. App'x 880, 885 (11th Cir. 2020) (noting that Eleventh Circuit has no binding precedent addressing how district courts should decide whether to permit joinder of non-diverse defendants following removal, but finding other decisions, such as *Hensgens*, instructive).[2]  The *Hensgens*

---

[2] The Court notes that "[a]lthough an unpublished opinion is not binding on this court, it is persuasive authority. *See* 11th Cir. R. 36-2." *United States v. Futrell*, 209 F.3d 1286, 1289

factors include whether "(1) the purpose of the amendment is to defeat federal jurisdiction, (2) the plaintiff has been dilatory in seeking amendment, (3) the plaintiff will be significantly injured if amendment is not allowed, and (4) any other factors bear on the equities." *Norvilus-Foreste v. Walmart Stores East, LP*, No. 2:23-cv-163-SPC-NPM, 2023 WL 4235460, at *1 (M.D. Fla. June 28, 2023) (Chappell, J.) (citing *Hickerson*, 818 F. App'x at 885).

***Purpose of Amendment***

Under *Hensgens*, the Court first considers the purpose of amendment. To be frank, it appears that the primary purpose of the amendment sought here is to defeat diversity jurisdiction. When considering the purpose of amendment, the Court considers, among other things, whether Plaintiff can state a viable negligence claim against Schilling, the Walmart store manager. "Florida law says a store manager is not liable for negligence 'simply because of his general administrative responsibility for the performance of some function of his employment – he or she must be actively negligent.'" *Norvilus-Foreste*, 2023 WL 4235460, at *2 (quoting *White v. Wal-Mart Stores, Inc.*, 918 So. 2d 357, 358 (Fla. 1st DCA 2005)). Consequently, to maintain a claim against a store manager under Florida tort law, a plaintiff must establish that the manager owed a duty to the plaintiff, and that duty was breached through personal, rather than technical or vicarious, fault. *Id.* In this context, when a plaintiff is trying to state a claim against a manager or

---

(11th Cir. 2000). Where cited here, any unreported decision of a panel of the Circuit is considered well-reasoned and is offered as persuasive, not binding, authority.

other store employee, simply reciting the same general tort duties that the corporate defendant owes the plaintiff is insufficient. *See id.*

Here, Plaintiff does not state any plausible negligence claim against Schilling in her complaint or proposed amended complaint. Rather, the allegations against Schilling arise only from her job as the store manager, and Plaintiff does not allege that Schilling was personally negligent outside of boilerplate and conclusory allegations related to the maintenance, management, and supervision of the store. *See id.* As such, "this case 'appears to be a run of the mill slip and fall case in which the store manager individually has no liability.'" *See id.* (quoting *Boyd v. Petco Animal Supplies Stores, Inc.*, No. 3:18-cv-639-J-32PDB, 2018 WL 4360621, at *3 (M.D. Fla. Sept. 13, 2018)).

The Court recognizes that Plaintiff's initial state court complaint named the unknown store manager as a defendant. Taken at face value, this could suggest that Plaintiff actually intended to sue the store manager in her personal capacity at some point in the state court litigation. On the other hand, scrutinizing this allegation more closely, as the Court must do when analyzing this issue in this procedural context, it appears likely that inclusion of the store manager in the initial state court complaint was a strategic move designed to give Plaintiff the option of adding a Florida resident defendant to defeat diversity jurisdiction in the event the Defendant attempted to remove the case to federal court. Here, Plaintiff did exactly that.

Most cases of this nature are filed in state court, and plaintiffs rarely include

store managers as individual defendants absent active negligence or actual involvement in the incident at issue. This makes sense because, in practical terms, an individual defendant such as a store manager will be indemnified by his or her employer. Where an employee is certainly going to be indemnified, adding him or her as a defendant only serves to complicate and delay progress of a case with no financial benefit to a plaintiff.

As such, based on the totality of the circumstances, it appears that Plaintiff has sought to add this non-diverse defendant purely for strategic purposes, and the Court concludes that the actual purpose of the amendment was most likely to defeat diversity jurisdiction. This factor weighs heavily in favor of Defendant.

### *Timing of Amendment*

The Court next considers the timing and whether Plaintiff was dilatory in seeking amendment. Although the timing is suspicious, as the Court has noted, the Court cannot find that Plaintiff was necessarily dilatory in seeking amendment – she attempted to amend her complaint after the case was removed and before a scheduling order has been entered. This factor slightly favors Plaintiff.

### *Significance of Injury if Amendment Not Permitted*

The third *Hensgens* factor requires the Court to examine whether Plaintiff will be significantly injured if amendment is not allowed. As explained above, because the complaint and proposed amended complaint do not state a plausible negligence claim against the store manager, the Court is hard pressed to find significant injury. *See id.* at *3. Moreover, Plaintiff can still move forward with her

claim against Defendant and obtain full relief from Defendant alone, even without Schilling in the case. *See id.* (collecting cases). After all, if Plaintiff wins her case, Defendant – a well-established large national corporation with more financial resources than the individual store manager – will surely pay the full judgment. *See id.* There has been no showing that Plaintiff will not be able to obtain full relief without the presence of the store manager. *See id.; Rutsky*, 2012 WL 5604620, at *3. There has also been no showing that Plaintiff will not be able to access the same discovery without Schilling in the case. See *Rutsky*, 2012 WL 5604620.

Lastly, it should be noted that Plaintiff is free to sue Schilling in state court if she chooses to do so. *See id.* Parallel lawsuits may result in both sides expending additional costs and time. *See id.; Roland v. Waffle House, Inc.*, No. 4:18cv410-MW/CAS, 2018 WL 6715513, at *3 (N.D. Fla. Oct. 2, 2018). "However, 'having parallel state/federal proceedings is a consequence anytime a post-removal motion to amend to add a non-diverse defendant is denied.'" *Id.* (quoting *Houston,* 2018 WL 388490, at *2). Plaintiff appears unlikely to pursue a claim against Schilling in state court, and even if she did, it is "extremely unlikely that the claim would be successful" for the reasons discussed above. *See id.* Ultimately, this factor weighs in favor of Defendant.

### *Other Equities*

As to the fourth and final *Hensgens* factor, the Court weighs other equitable considerations. The purpose of the removal statute is to give diverse defendants the option of choosing a federal forum. *See id.* at *3 (citing *Wilson v. Target Corp.*, No.

10-80451-CIV-MARRA, 2010 WL 3632794, at *5 (S.D. Fla. Sept. 14, 2010)). Defendant, a citizen of Delaware and Arkansas, has a right to litigate this suit in federal court. Should the Court grant Plaintiff's motion, nearly "all premises liability suits would be litigated exclusively in state courts because a plaintiff could simply name a key employee then working at the premises where the plaintiff was injured." *Id*. This is extremely unfair to retail workers who could easily find themselves getting sued in their individual capacities as a matter of course -- where they have done nothing wrong -- as part of a litigation strategy intended to defeat federal diversity jurisdiction.[3]

Lawyers file lawsuits against individual people every day. Judges routinely hear cases involving individual people and make decisions that impact different aspects of their lives. For lawyers and judges who regularly handle cases involving individual people, it may seem like it is just part of the job. But for an ordinary person just trying to "play by the rules" and earn an honest living, getting sued in his or her individual capacity can be a very serious matter. Notably, when a person is sued in his or her individual capacity, that person may experience a variety of difficult and sometimes permanent consequences.

---

[3] Another way to avoid innocent employees being unnecessarily sued in their individual capacities as a strategic move to avoid federal diversity jurisdiction would be for Congress to raise the jurisdictional dollar amount for diversity jurisdiction beyond the current $75,000 amount-in-controversy threshold. The last time Congress raised the jurisdictional dollar amount for federal diversity jurisdiction was in 1996, nearly 30 years ago. Commentators in recent years have regularly called for an increase in the jurisdictional dollar amount. *See, e.g.*, Steven Gensler & Roger Michalskit, *The Million-Dollar Diversity Docket*, 47 BYU L. REV. 1653 (2022).

Those consequences include, among other things, the possibility of having personal financial assets subject to a court judgment, wages garnished, bank accounts attached, and personal property seized. In addition, when a person gets sued in his or her individual capacity, that individual may be required to disclose the fact that he or she was sued to current and potential employers, insurance carriers, and professional licensing entities. Similarly, a person who gets sued personally may find that his or her credit report and credit rating have been adversely affected, or their ability to get a government security clearance has been jeopardized. When applying for jobs, promotions, or security clearances, an individual who has been sued may have to disclose the lawsuits and explain the reasons he or she got sued. In some circumstances, a person who gets sued personally may have to hire and pay for his or her own lawyer. In most circumstances, a person who gets sued personally must surrender days, months and sometimes years of his or her life participating – involuntarily – in the litigation process. As Thomas Edison reportedly said: "A lawsuit is the suicide of time." But perhaps most importantly, in all circumstances, a person who gets sued experiences stress, anxiety, and pays a heavy psychological price associated with constant worry.

Sadly, a person who is sued in his or her individual capacity experiences most of these adverse consequences even when the lawsuit is won, settled, dismissed by the court as frivolous, or simply abandoned or voluntarily dismissed by the plaintiff. Getting sued should not be just "part of the job" for people working in the retail

industry. These hard-working people should not be used as pawns in a metaphorical chess game played by lawyers trying to move cases back and forth between state and federal courts.

For this and other reasons, courts should not permit an individual to be added as a defendant in cases like this unless there is a factual basis supporting allegations of active negligence and not just a hypothetical legal argument as to individual personal liability. The fourth *Hensgens* factor weighs heavily in favor of Defendant.

## Conclusion

Applying the *Hensgens* factors relevant to the exercise of jurisdiction under 28 U.S.C. § 1447(e), the Court concludes that the considerations militate against permitting amendment to destroy complete diversity.

It should be clear that the law does not impose a bright-line rule disallowing amendments to add non-diverse defendants after a case has been removed. Should a plaintiff in a premises liability case such as this have a viable negligence claim, supported by facts and brought in good faith against a store manager, clerk, cashier, or other employee, amendment to add that person may very well be appropriate.[4] But that determination must be made based on the facts of each case, and amendment should be permitted only where there is a factual basis supporting

---

[4] This Court has previously allowed post-removal amendments to add nondiverse store employees in other cases where the request was supported by the facts. *See Saxton v. Dollar Tree Stores*, No. 8:19-cv-2670-T-60TGW, Doc. 26 (M.D. Fla. Mar. 6, 2020) (retail store cashier). In *Saxton*, the addition of a cashier as a party defeated diversity jurisdiction and the case was remanded to state court.

allegations of active negligence, not merely hypothetical legal arguments as to individual personal liability. In this particular case, amendment will not be permitted.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) "Plaintiff's Motion for Leave to Amend Complaint by Substitution of Parties and Motion for Remand with Incorporated Memorandum of Law" (Doc. 9) is **DENIED**.

(2) The Clerk is directed to strike "John Doe, as store manager" as a fictitious defendant in this action.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 11th day of March, 2025.

TOM BARBER
UNITED STATES DISTRICT JUDGE